Case 105—PEDDLERS, CONSTITUTION—March 19, 1885.

# Rash v. Halloway.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. The act of the General Assembly, entitled "An act to amend chapter 84 of the General Statutes, title 'Peddlers,'" is unconstitutional.

2. The original law is not objectionable because it requires license from every one vending wares or merchandise regardless of citizenship and place of manufacturing or production.

3. The act of 1874 being unconstitutional (because it makes a discrimination between citizens of this State and of other States), the General Statutes in reference to license to peddlers are still in force.

THOS. C. WARD FOR APPELLANT.

1. If a subject of any foreign nation should, without license, peddle wares made in Kentucky, or any other State or country, would the law, as amended, be void as to him? Or if a citizen of Kentucky or any other State should, without license, peddle goods which are the growth of a foreign nation, would he not be subject to the provisions of the statute as amended?

Rash v. Halloway.

. 2. The amendment is neither void nor unconstitutional. (Daniels on Negotiable Instruments, volume 2, page 1191; Insurance Law, Act March 12, 1870; sections 27 and 33; Chapter Revenue and Taxation, article 3, section 6; Gen. Stat., chapter 84, sections 1, 12 and 13; Constitution U. S., article 8 section 3; Act March 7, 1873, amendment to chapter 84; Acts 1874, page 45; 103 U. S. Rep., 344; 91 *Ib.*, 275; 102 *Ib.*, 204; 691 Cooley Const. Lim., 204; 3 A. K. Mar., 70; 2 Litt., 116; 3 *Ib.*, 55; 2 *Ib.*, 478; 11 Ind., 484; Gen. Stat., chapter 84, section 2; Bouvier, article 2. 317.)

R. H. CUNNINGHAM AND HELM & BRUCE FOR APPELLEE.

1. The demurrer was properly overruled. A demurrer will not reach a denial of needless averments.

·2. Chapter 84, General Statutes, is constitutional, notwithstanding. (1 Session Acts 1874, chapter 419; 2 Peters 526; 17 Howard, 201.)

..3. Contracts by unlicensed peddlers are void. (Gen. Stat., 716; 17 B. Mon., 352.)

· 4. A void contract can not be ratified. (Bishop Const. section 155.)

. 5. If part of the consideration is illegal, the whole contract is void. (Chitty Const., 61, 426. 664, 693; 6 Dana, 91; 3 Bibb., 500; 2 Met., 164; 8 B. Mon., 98; 9 *Ib.*, 90; 6 *Ib.*, 140; 11 Bush, 556.)

· CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

This action was instituted on a note executed for the purchase price of lightning-rods manufactured in the State of Illinois and sold by a citizen of that State to a citizen of this State. The defense is that the contract is void, being so declared by the statute, when, as in this case, the person selling is a peddler without license. The court below held the contract void, and dismissed the petition, and from that judgment this appeal is taken.

Section 1 of chapter 84 of General Statutes provides that "all itinerant persons vending goods, wares and merchandise * * shall be deemed peddlers," and the second section of that chapter prescribes a penalty for selling by such persons without first having obtained license therefor. Section 6 of article 3, chapter 92, of General Statutes declares that all contracts

made by peddlers without license shall be void. These statutes went into effect December 1, 1873. February 21, 1874, an act was passed, entitled, "An act to amend chapter 84 of the General Statutes, title 'Peddlers,'" which reads: "That chapter 84 of the General Statutes, title 'Peddlers,' be, and the same is hereby, so amended that itinerant persons who are citizens of this State, and who vend exclusively goods, wares and merchandise which are the growth, product or manufacture of this State, shall not be deemed peddlers, nor required to take out license under the provisions of said chapter."

The only question is whether the act of 1874 operates to repeal the general law which requires all itinerant persons selling goods, wares or merchandise, wherever manufactured, to first obtain license therefor. The act of 1874 is in terms "an act to amend," and can not be construed to be a repealing act except by implication. It is insisted that it repeals the entire law requiring license because it discriminates against the citizens and manufactories of other States, and renders the whole law unconstitutional, as it violates the provisions of the Federal Constitution, which entitles the citizens of each State to all the privileges and immunities of citizens in the several States, and the further provision that gives Congress power to regulate commerce between the States. Such discriminations, it goes without discussion, are unconstitutional, and that the act of 1874, when construed with the then existing license law, makes the discrimination, is perfectly clear. That the Legislature could have repealed the entire license law is unques-

Rash v. Halloway.

tioned, but that is not the inquiry; it is, did they so intend? The act of 1874 is expressly declared to be amendatory of the general law, and not an act to repeal. It can only be held to repeal the general law by implication, and that implication established in the face of the express declaration that it was intended to amend. Repeals by implication are not favored by the courts. The Legislature, which alone has power to enact laws, must ordinarily be interpreted to mean what it says in the language used by it. It would be judicial legislation to hold that this avowed amendatory act was intended as a repealing act. It can not be assumed that if the attention of the Legislature had been called to the fact that the discrimination against the citizens of other States would operate to repeal the entire law in reference to license to peddlers, that the law would have been passed. The vice is not in the original license law, but in the amendment. The original law is not objectionable because it requires license from every one vending wares or merchandise, regardless of citizenship and place of manufacturing or production. The act of 1874 being unconstitutional, the General Statutes in reference to license to peddlers is still in force.

Judgment affirmed.