CASE 64—PETITION ORDINARY—MARCH 14.

# Rash v. Farley.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. CONSTITUTIONAL LAW—PEDDLER'S LICENSE.—A citizen of another State bringing goods, wares and merchandise into this State for the purpose of peddling them is liable, as a citizen of this State would be, to pay the peddler's license, and is subject in the same way to all the pains and penalties for refusing to do so. The statute of this State imposing such a tax is not in violation of that clause of the Constitution of the United States which gives power to Congress to regulate commerce among the several States.

2. A NOTE EXECUTED TO A PEDDLER FOR GOODS SOLD BY HIM without

Rash v. Farley.

having obtained the license required by statute is void, and can not be enforced.

3. RENEWAL OF VOID NOTE PROCURED BY FRAUD.—The parties to a note having agreed that a question raised as to the validity of the note was to await the decision in a pending suit upon a similar note, and the holder of the note, by false representations as to the result of said suit, having subsequently procured a renewal of the note, in an action upon the new note the plaintiff is to be treated as if he were suing upon the original note, which, under the statute, was void.

THOMAS E. WARD FOR APPELLANT.

1. Assuming that the note to Gillispie & Co. was void, because it was executed for goods sold by unlicensed peddlers, yet the defendant, by executing the new note to plaintiff, so ratified and changed the contract that he is now estopped to plead the original consideration for the Gillispie note. (Beal v. Bethel, 3 Ky. Law Rep.)

2. The peddlers' law of Kentucky, as contained in chapter 84, General Statutes, conflicts with section 3 of article 8 of the Constitution of the United States, which gives to Congress the right to regulate commerce between the States. (Robinson v. Shelby Co. Taxing Dist., 120 U. S., 489; Asher v. Texas, 128 U. S., 129; Cousen v. State of Maryland, 120 U. S., 502; Leloup v. Port of Mobile, 127 U. S., 640; Leisy v. Hardin, 135 U. S., 100.)

JAMES F. CLAY FOR APPELLEE.

No brief in record.

JUDGE·LEWIS DELIVERED THE OPINION OF THE COURT.

In 1880, appellee executed his promissory note to Gillispie & Co., in consideration of lightning rods sold to and put up for him, that had been manufactured in Illinois and brought into this State; of which note appellant became holder and owner, and he brought this action on a note given to him in 1884 in renewal of the original.

The ground· of appellee's defense is, that the lightning rods were sold by Gillispie & Co., as peddlers, without license, by reason of which the contract of sale and purchase was, under the statute pleaded and

relied on, void, and not enforceable; and the general demurrer to the answer having been overruled, and the action upon appellant's failure to reply having been dismissed, this appeal is prosecuted.

The precise question involved was decided by this court in Rash v. Holloway, 82 Ky., 674, when a note given to Gillispie & Co., for the same consideration, and under the same conditions, as the one executed to them by appellee, was held to be void, because within operation of the statute mentioned.

But it is now argued the statute conflicts with that clause of the Constitution of the United States which gives power to Congress to regulate commerce among the several States, and cases decided by the Supreme Court are cited in support of the position.

The leading case referred to is that of Robbins v. Shelby County Taxing District, 120 U. S., 489, where a statute of Tennessee was held to be an infringement of the clause mentioned, which provided: "All drum- mers and persons not having a regular licensed house of business in the taxing district of Shelby county, offering for sale, or selling goods, wares, and merchandise therein by sample, shall be required to pay to the county trustee the sum of ten dollars per week, or twenty-five dollars per month, for such privilege."

In that case it was held substantially that while a State might impose taxes upon persons within its limits, or belonging to its population, and upon vocations and employments pursued therein, not directly connected with foreign or inter-State commerce, or with some other employment or business exercised under authority of the Constitution and laws of the

Rush v. Farley.

United States; and upon all property within the State, mingled with and forming part of the great mass of property therein, it can not impose taxes upon persons passing through the State, or coming into it merely for a temporary purpose, especially if connected with inter-State or foreign commerce; nor can it impose such taxes upon property imported into the State from abroad, or from another State, and not yet become part of the common mass of property therein; and no discrimination can be made by any State regulation adversely to the persons or property of other States, and no regulations can be made directly affecting inter-State commerce.

But it was not decided in that, nor any other case following it, that goods sent from one State to, and already in, another State, may not be taxed as other general property in the latter that is subject to taxation; and a distinction is made between a tax on the sale of goods then in another State, or the offer to sell them before they are brought into the State imposing it, and a tax in the usual way, and as other goods are taxed, upon such as may have been already brought into the State from another State.

And, as conclusive the court did not mean to hold such statute as is now under consideration unconstitutional, the following language was used in the dissenting opinion delivered in that case: "I am unable to see any difference in principle between a tax on a seller by sample and a tax on a peddler, and yet I can hardly believe it would be contended that the provision of the same statute now in question, which fixes a license for all peddlers in the district, would

be held unconstitutional in its application to peddlers who came with their goods from another State, and expected to go back again."

Section 2, article 3, of the Constitution of the United States provides that the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States. But it does not follow that a citizen of one State may go into another, and, while enjoying all the privileges and immunities, defy and disregard all the obligations and duties imposed upon citizens of that other; and until it is so plainly decided by the Supreme Court to the contrary as that there can be no misunderstanding about it, we shall feel it our duty to decide that a person bringing goods, wares and merchandise from another into this State, for the purpose of peddling them, is liable, just as a citizen of this State, to pay the peddler's license, and is subject in the same way to all the pains and penalties for refusing to do so.

It is alleged substantially in the answer, and, not being denied, must be taken as true, that there was an agreement between appellant and appellee, before the note sued on was executed, that they would abide the decision of the case of appellant against Holloway, and that he, appellee, who resided in the country, and was ignorant on the subject, was deceived, and induced to execute the note in renewal of the original by false information sent to him by appellant for the purpose of inducing him to execute it, which he would not have otherwise done. In such case, it seems to us, appellant must be treated as he would have been holding and asking judgment on

the original note, which was made, by statute, void, and consequently the court properly overruled the demurrer to the answer, and dismissed the action.

Judgment affirmed.